IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ORVILLE BROWN and VETERANS CONSULTATION GROUP, INC., d/b/a VETERANS ADVOCACY GROUP, | ) ) ) ) ) | 4:08CV3166 |
| | ) | **MEMORANDUM** |
| Plaintiffs, | ) ) | **AND ORDER** |
| v. | ) ) | |
| WILLIAM WILLIAMS, individually and in his capacity as Veterans Service Officer of Buffalo County, | ) ) ) ) | |
| Defendant. | ) | |

Before the court is a motion to dismiss this § 1983 action for failure to state a claim upon which relief can be granted.[1] One of the plaintiffs, Veterans Consultation Group, Inc., is a Nebraska corporation that "performs advocacy for veterans under the name of Veteran's [sic] Advocacy Group, assisting them in obtaining their Disabled Veterans benefits of [sic] the State of Nebraska," and the other plaintiff, Orville Brown, is "a licensed Veteran's Advocate with . . . Veteran's Advocacy Group . . . [in] Lincoln, Nebraska[.]" (Complaint (filing 1), ¶¶ 5, 7, at CM/ECF pp. 2-3.) The defendant, William Williams, "is the Veteran's [sic] Service officer in Buffalo County, Nebraska." (Filing 1, ¶ 6, at CM/ECF p. 3.)

The plaintiffs allege that "beginning and continuing from the month of July, 2005, and through the present, the Defendant made and/or supported the accuracy of

---

[1] Motions to dismiss have also been filed in three related cases: *Burgess v. Williams*, 4:08CV3167; *Shuda v. Williams*, 4:08CV3168; and *Mahlin v. Williams*, 4:08CV3175.

knowingly false and damaging statements with the intent to harm the personal and business reputations of the Plaintiffs." (Filing 1, ¶ 8, at CM/ECF p. 3.) Specifically, the plaintiffs allege:

> That the defendant made statements that veterans using the services of the Veteran's Advocacy Group was "coerced to sign" a "Memorandum of Gift" as a contract for payment of "illegal and inflated fees" to the Veteran's Advocacy Group for their services.
>
> That the defendant falsely made statements that Hall, Howard, Sherman and Nance County Veteran's Service Officer Don Shuda was "secretly compensated" by the Plaintiff's for referring veterans to the office of the Veteran's Advocacy Group.
>
> That defendant's false statements were published as fact by the Grand Island Independent Newspaper in Grand Island, Nebraska, by Journalist Tracy Overstreet; and by Jack Gould of Common Cause Nebraska who in turn published the statements on the website of the organization, for broad publication of the false statements against the plaintiffs.
>
> That the above mentioned publications included but [were] not limited to written letters, internet mass mailings, repeated verbal statements to publishing outlets such as Mr. Gould, and Ms. Overstreet.
>
> That the defendant also made false statements about the plaintiffs to the Buffalo County Sheriff Department, the Buffalo County Attorney's Office, the Attorney General of the State of Nebraska, the Accountability and Disclosure Office of the State of Nebraska, the Nebraska Supreme Court Council for Discipline, The Office of the Inspector General of the United States Veterans Administration in Kansas City, Kansas, the Internal Revenue Service and the United States Congressional Subcommittee on Veterans Affairs in Washington D.C.
>
> Notwithstanding the fact that each agency found no wrongdoing, Defendant persisted in making the same false and defamatory, stigmatizing claims to other agencies and individuals.

> That said statements made by the Defendant included specific published statements that the Plaintiff's had solicited and received payments of $426,000.00 from veterans who had made claims for disability compensation with the Veterans Administration under the "guise" of calling the alleged payments "gratuities" which the Defendant stated "amounted to theft by deceit" from the disabled veterans who should have received their compensation without having to pay any so-called "gratuities" for representation.
>
> That the Defendant falsely stated that the Plaintiff had "repeatedly committed fraud in presenting fictitious medical claims issues." "which are not physically represented in the claimant," particularly tinnitus and mental health conditions as factual basis for disability claims.
>
> That the Defendant falsely stated that the Plaintiff's "groom physicians" to "produce practically identical letters" about veterans' conditions.
>
> That the Defendant falsely stated that Plaintiff's "coach" and lead veterans to say things to examiners that will result in them obtaining services connected disabilities "contrary to the truth."
>
> That the Defendant has contacted claimants who are represented by the Plaintiff's and has told them false and stigmatizing information and has procured their termination of the Veterans Advocacy Group representatives resulting in substantial loss to the Plaintiff's.

(Filing 1, ¶¶ 10-20, pp. 3-6 (paragraph numbering omitted; spelling, grammar, and punctuation as in original).)

Summarizing the statement of their claim, the plaintiffs allege that "Defendant deprived Plaintiff's [sic] of their constitutional rights to liberty by stating false stigmatizing information which has affected his and their ability to work in the chosen position of Advocate for Veterans." (Filing 1, ¶ 22, at CM/ECF p. 6.) In the complaint's introductory paragraph, the plaintiffs state that they are seeking injunctive and monetary relief for violation of their "due process rights as guaranteed

under the First and the Fourteenth [A]mendment[s] to the US Constitution, and for violation of his [sic] liberty interest, [by the defendant] making false, stigmatizing statements which have deprived [the plaintiffs] of his [sic] rights to practice in his [sic] chosen profession." (Filing 1, ¶ 1, at CM/ECF pp. 1-2.) The defendant disputes that any constitutional violation has been alleged. I agree.

The Eighth Circuit, relying on the Supreme Court's decision in *Paul v. Davis*, 424 U.S. 693 (1976), has held that one's reputation is not a property or liberty interest that is protected by the Fourteenth Amendment, and that "allegations of a loss of business as a result of the damage to [one's] reputation, without more, does not change this conclusion." *Green v. DeCamp*, 612 F.2d 368, 370 (8th Cir. 1980). *See also Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003) ("The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest."); *Mangan v. Cullen*, 870 F.2d 1396, 1399 (8th Cir. 1989) ("To establish a liberty interest under the Fourteenth Amendment for injury to reputation a party must show not only that he was stigmatized but also that he was stigmatized in connection with a denial of a right or status previously held under state law."); *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988) (plaintiff's claim of injury to his ability to make a living did not implicate any state action beyond the alleged general injury to his reputation). *But see Gunderson v. Schlueter*, 904 F.2d 407, 409 n. 4 (8th Cir. 1990) ("[I]njury to reputation alone, without additional proof of a loss of business or employment opportunities, does not rise to a constitutional deprivation."). Neither the general allegation that the plaintiffs have been deprived of their right to practice in their chosen profession, nor the specific allegation that they have lost clients because of the defendant's actions, is sufficient to satisfy this Fourteenth Amendment "stigma plus" test. The factual allegations of the complaint also fail to state a First Amendment claim.[2]

---

[2] Although the complaint references the First Amendment, the plaintiffs only argue in their brief that they have stated a Fourteenth Amendment claim.

4

The plaintiffs may have alleged an actionable claim for defamation under state law, but this court does not have subject matter jurisdiction over such a claim. The defendant's motion to dismiss will be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and judgment will be entered dismissing this action without prejudice to the plaintiffs' ability, if any, to file a tort action in state court.[3]

IT IS ORDERED that the defendant's motion to dismiss (filing 8) is granted. Final judgment shall be entered by separate document.

October 20, 2008.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

---

[3] Although the plaintiff's brief concludes with a request for "leave to amend his complaint as needed" (filing 12, at CM/ECF p. 6), he has not shown that the pleading deficiencies can be corrected. Therefore, I will not grant the plaintiff leave to amend based on this informal request. *See Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 805 (8th Cir. 2006) (district court did not abuse its discretion by denying plaintiff leave to amend where he made no motion and did not explain substance of proposed amendment, but only included one-line request in his brief), *cert. denied*, 127 S.Ct. 1258 (2007). *See also* NECivR 15.1(a) ("A party who moves for leave to amend a pleading . . . shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. . . . The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading . . .."). The plaintiff, if he desires, may couple a motion for leave to amend with a motion to vacate the court's judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Wilburn v. Pepsi-Cola Bottling Co.*, 492 F.2d 1288, 1290 (8th Cir. 1974); *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

5